# United States District Court
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
ELLEN SPINELLI,

                                    Plaintiff,

      -against-

COUNTY OF NASSAU, AND Police Officers JOHN DOE
1-3,(The Names of Which are Fictitious), Individually,
                                  Defendants.
-----------------------------------------------------------------X

COMPLAINT

TRIAL BY JURY DEMANDED

CV10- 2788

CASE NO.: _____

FEUERSTEIN, J.

BOYLE, M.J.

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUN 17 2010 ★
BROOKLYN OFFICE

**FIRST**: The nature of Plaintiffs' claims are to recover monetary damages from all defendants, including, but not limited to punitive damages against POLICE OFFICERS JOHN DOE 1-3, individually, for violation of constitutional rights, pursuant to 42 USC § 1983, false arrest, physical abuse, excessive force, deprivation of liberty pursuant to the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and/or Article I, §§ 5, 6, 8, 9, 12 of the New York State Constitution, and negligence carelessness and recklessness of COUNTY OF NASSAU, its agents, servants and/or employees, its agents, servants and/or employees, including, but not limited to the COUNTY OF NASSAU, THE NASSAU COUNTY POLICE DEPARTMENT and three of its Police Officers, POLICE OFFICERS JOHN DOE 1-3 for false arrest, false imprisonment, abuse of process, excessive force, defamation of character and mental anguish/psychological and punitive damages.

**SECOND**: The aforesaid defendants, at all relevant times, COUNTY OF NASSAU, and POLICE OFFICERS JOHN DOE 1-3 were acting under the color of state law in holding PLAINTIFF ELLEN SPINELLI against her will, with knowledge and/or reason to know that

3

ELLEN SPINELLI did not commit a crime and with express purpose of denying her Constitutional rights by placing her against her will in the backseat of a police car.

**THIRD**: That at all times hereinafter mentioned, the Plaintiff ELLEN SPINELLI was a resident of the County of Nassau, State of New York.

**FOURTH**: That at all times hereinafter mentioned, the Defendant, COUNTY OF NASSAU, was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

**FIFTH:** That at all times hereinafter mentioned, the Defendants, POLICE OFFICERS JOHN DOE 1-3 were acting within the scope of their employment with the COUNTY OF NASSAU and its agent the NASSAU COUNTY POLICE DEPARTMENT.

**SIXTH**: That on or about October 2, 2009, and within ninety (90) days after the accrual of the claim sued upon herein, Plaintiffs served upon the County of Nassau and Nassau County Police Department a duly executed Notice of Claim.

**SEVENTH**: That more than thirty (30) days have elapsed since the Notice of Claim was served and the Comptroller and Defendants, have failed, neglected, and refused to pay, settle, compromise or adjust the claim of the Plaintiffs herein.

**EIGHTH:** That this action was commenced within one (1) year and ninety (90) days from the date of the claim accrued.

## COUNT I

### 42 USC § 1983 CLAIM AGAINST POLICE OFFICERS JOHN DOE 1-3, FOR DEPRIVATION OF HER FOURTH AMENDMENT RIGHTS AND NY STATE CONSTITUTIONAL RIGHTS

**NINTH:** Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**TENTH**: That on or about July 4, 2009, Defendants, POLICE OFFICERS JOHN DOE 1-3 were employees, agents and/or servants of the COUNTY OF NASSAU and the NASSAU COUNTY POLICE DEPARTMENT.

**ELEVENTH**: That on or about July 4, 2009, at approximately 11:30 p.m., Plaintiff, ELLEN SPINELLI exited her residence located at 106 Roosevelt Avenue, Inwood, County of Nassau, State of New York, and walked to the end of her driveway to avoid interfering with a police investigation at her home. At that time a neighbor approached Plaintiff to comfort her as her husband was being arrested by police.

**TWELFTH**: That on or about the time that Plaintiff ELLEN SPINELLI was being comforted by a neighbor, POLICE OFFICERS JOHN DOE 1-3 pointed a gun at plaintiff's neighbor instructing the neighbor to let the Plaintiff go.

**THIRTEENTH**: That POLICE OFFICERS JOHN DOE 1-3 then proceeded to pick PLAINTIFF off of the ground and using excessive force, violently propelled PLAINTIFF to the ground, physically and mentally injuring PLAINTIFF.

**FOURTEENTH**: That POLICE OFFICERS JOHN DOE 1-3 used excessive force, handcuffed, and deprived Plaintiff ELLEN SPINELLI of her liberty despite the fact that she had not committed a crime.

**FIFTEENTH**: That POLICE OFFICERS JOHN DOE 1-3 arrested Plaintiff ELLEN SPINELLI with the express intent of preventing her from further expressing her First, Fourth and Fourteenth Amendment rights under the United States Constitution and Article I, § 6, 8, 12 rights to free speech and liberty under the New York State Constitution and took her into custody against her will by placing PLAINTIFF in handcuffs and holding her for several hours in the backseat of a police car.

**SIXTEENTH:** That it is the procedure of the NASSAU COUNTY POLICE DEPARTMENT for Police Officers to take an arrestee in custody to the precinct, log in the arrestee and speak with the shift's Desk Lieutenant regarding the events surrounding the arrest and the charges the Police Officers propose that the arrestee should be formally charged with and the Desk Lieutenant has the ultimate authority to decide if an arrest should be voided and/or terminated or if charges should be formally prepared and what those charges will be.

**SEVENTEENTH:** That POLICE OFFICERS JOHN DOE 1-3 arrested and detained Plaintiff ELLEN SPINELLI despite the fact that they knew there was no probable cause or justification for arresting and detaining her with any crime.

**EIGHTEENTH**: That POLICE OFFICERS JOHN DOE 1-3 released Plaintiff ELLEN SPINELLI after detaining her for several hours in the backseat of a police car. No charges were formally prepared against Plaintiff ELLEN SPINELLI.

**NINTEENTH:** That at all times POLICER OFFICERS JOHN DOE 1-3 acted within the scope of their employment and under the authority of color of State Law as Police Officers.

### COUNT II

### MUNICIPAL LIABILITY

**TWENTY:** Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**TWENTY-ONE:** That Defendant, COUNTY OF NASSAU, its employees, agents and/or servants, failed to take any necessary steps to prevent this occurrence; failed to properly train its employees, agents and/or servants in arrest procedures; failed to control and supervise its employees, agents and/or servants; and failed to prevent the aforesaid pain and suffering,

defamation, arrest, detainment and permanent psychological injuries to the Plaintiff; and were otherwise reckless, careless and negligent.

**TWENTY-SECOND**: That as a result of the above referenced negligence; Plaintiff was caused to sustain pain and suffering, defamation, arrest, detainment and permanent psychological injuries.

**TWENTY-THIRD:** That as a result of the above, the Plaintiff demands judgment against the Defendant, COUNTY OF NASSAU, in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## COUNT III

### AGAINST POLICE OFFICERS JOHN DOE 1-3 INDIVIDUALLY, FOR DEPRIVATION OF LIBERTY

**TWENTY-FOURTH:** Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**TWENTY-FIFTH:** Although the Defendants, POLICE OFFICERS JOHN DOE 1-3, knew their conduct of detaining and arresting Plaintiff ELLEN SPINELLI when they knew they had no right to, in violation of her constitutional rights, the defendants, detained the Plaintiff, ELLEN SPINELLI, for several hours, even though they knew or had reason to know that they were making an illegal arrest.

**TWENTY-SIXTH:** That as a result of the foregoing, Plaintiff demands judgment against the defendants in the amount of Five Million ($5,000,000.00) dollars.

## COUNT IV

### AGAINST DEFENDANTS, NASSAU COUNTY POLICE OFFICER JOHN DOE 1-3 INDIVIDUALLY, FOR NEGLIGENCE

**TWENTY-SEVENTH:** Plaintiff repeats, reiterates and re-alleges all of the allegations set forth above.

**TWENTY-EIGHTH:** That on July 4, 2009, at approximately 11:30 p.m. and the hours thereafter, the three aforesaid Defendants, without cause or provocation, carelessly, negligently and recklessly and maliciously, detained and arrested the Plaintiff ELLEN SPINELLI, despite knowing that there were no cause or grounds therefore, in fact, still effectu

**TWENTY-NINETH:** That as a result of the above referenced negligent actions, this Plaintiff sustained physical injury, mental and pecuniary losses and losses of enjoyment of life.

**THIRTIETH:** That as a result of the above negligence, Plaintiff demands judgment against the Defendants in the amount of Five Million ($5,000,000.00) dollars and punitive damages.

**THIRTY-FIRST:** That by reason of the foregoing, Plaintiff seeks punitive damages and demands judgment against the Defendants in the amount of Five Million ($5,000,000.00) dollars.

## COUNT V

### AGAINST DEFENDANTS POLICE OFFICERS JOHN DOE 1-3 FOR EXCESSIVE FORCE.

**THIRTY-SECOND:** Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**THIRTY-THIRD:** On July 4, 2009, Defendants, POLICE OFFICERS JOHN DOE 1-3 attacked Plaintiff ELLEN SPINELLI by surrounding her, then attacking her and violently throwing her down on the floor, jumping on top her and forcibly struck, held and jostled her head, torso, legs and arms, forcibly pinned her to the floor and searched her without cause or grounds therefore.

8

**THIRTY-FOURTH:** That Plaintiff ELLEN SPINELLI did not move or attempt to use any force in response, did not resist the force being used upon her, nor did she have an opportunity to, as POLICE OFFICERS JOHN DOE 1-3 used excessive force in effectuating an unauthorized arrest without probable cause or grounds therefore to believe that Plaintiff ELLEN SPINELLI committed a crime.

**THIRTY-FIFTH:** Defendants POLICE OFFICERS JOHN DOE 1-3 used excessive force against Plaintiff ELLEN SPINELLI with knowledge that Plaintiff ELLEN SPINELLI did not commit a crime and that the arrest and force used to effectuate the arrest was excessive, unnecessary and without cause or grounds therefore.

**THIRTY-SIXTH**: THAT Plaintiff ELLEN SPINELLI suffered mental and physical injuries as a result of this incident, including, but not limited to, fractured sternum, a fractured rib, torn ligaments in her right shoulder, torn meniscus in her right knee, bruising and lacerations, as a result of the excessive force used to detain the PLAINTIFF.

**THIRTY-SEVENTH:** that by reason of the foregoing, the Plaintiff demands judgment against the Defendants in the amount of Five Million ($5,000,000.00) dollars.

## COUNT VI

### AGAINST DEFENDANTS POLICE OFFICERS JOHN DOE 1-3 FOR ASSAULT

**THIRTY-EIGHTH:** Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**THIRTY-NINETH:** On July 4, 2009, Defendants, POLICE OFFICERS JOHN DOE 1-3 attacked Plaintiff ELLEN SPINELLI by surrounding her, then attacking her and violently throwing her down on the floor, jumping on top her and forcibly struck, held and jostled her head, torso, legs and arms, forcibly pinned her to the floor and searched her without cause or grounds therefore.

9

**FORTY**: THAT Plaintiff ELLEN SPINELLI suffered mental and physical injuries as a result of this incident, including, but not limited to, fractured sternum, a fractured rib, torn ligaments in her right shoulder, torn meniscus in her right knee, bruising and lacerations, as a result of the excessive force used to detain the PLAINTIFF.

**FORTY-FIRST:** that by reason of the foregoing, the Plaintiff demands judgment against the Defendants in the amount of Five Million ($5,000,000.00) dollars.

## COUNT VII

### AGAINST DEFENDANTS POLICE OFFICERS JOHN DOE 1-3 FOR BATTERY

**FORTY-SECOND:** Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**FORTY-THIRD:** On July 4, 2009, Defendants, POLICE OFFICERS JOHN DOE 1-3 attacked Plaintiff ELLEN SPINELLI by intentionally surrounding her, and without permission began attacking her and violently throwing her down on the floor, jumping on top her and forcibly struck, held and jostled her head, torso, legs and arms, forcibly pinned her to the floor and searched her without cause or grounds therefore.

**FORTY-FOURTH**: THAT Plaintiff ELLEN SPINELLI suffered mental and physical injuries as a result of this incident, including, but not limited to, fractured sternum, a fractured rib, torn ligaments in her right shoulder, torn meniscus in her right knee, bruising and lacerations, as a result of the excessive force used to detain the PLAINTIFF.

**FORTY-FIFTH:** that by reason of the foregoing, the Plaintiff demands judgment against the Defendants in the amount of Five Million ($5,000,000.00) dollars.

**WHEREFORE**, Plaintiff demands judgment pursuant to 42 United States Code, Section 1983 and for attorneys' fees under section 1988, and for her State Common Law claims, for

monetary compensation, for pain and suffering and loss of reputation and punitive damages; and on all Claims, in the amount of thirty-five million dollars ($35,000,000.00) against the Defendants, for whatever further and other relief this court deems just and proper, together with the costs, disbursements of this action.

Dated: Garden City, New York
　　　　May 21, 2010

　　　　　　　　　　　　　　　　Yours, etc.,

　　　　　　　　　　　　　　　　**MASSIMO & PANETTA, P.C.**
　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　99 Quentin Roosevelt Boulevard, Suite 201
　　　　　　　　　　　　　　　　Garden City, New York 11530
　　　　　　　　　　　　　　　　(516) 683-8880
　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　NICHOLAS J. MASSIMO (NJM 6422)

11

# VERIFICATION

STATE OF NEW YORK )
                               ss.: )
COUNTY OF NASSAU )

**ELLEN SPINELLI**, being duly sworn, deposes and says:

I am the Plaintiff in the within action; I have read the foregoing **VERIFIED SUMMONS AND COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief; and as to those matters I believe to be true.

_____
ELLEN SPINELLI

Sworn to before me this
_21_ day of May, 2010

_____
ELENA S. DREDGER
Notary Public, State of New York
No. 02DR5007395
Qualified in Nassau County
Commission Expires May 2, 2011